IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEBBIE LEE**                                                                                          **PLAINTIFF**

v.                                  **CASE NO. 4:20-CV-00197-BSM**

**LIGHTHOUSE COMPLIANCE
SOLUTIONS, INC.,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Defendants' motion to dismiss [Doc. No. 7], which is construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), is denied, and their request for a stay pending a ruling on this motion is denied as moot. Debbie Lee's motion to dismiss defendants' counterclaim [Doc. No. 13] is denied.

### I. BACKGROUND

Lighthouse Compliance Solutions, Inc. employed Lee in a salaried position. Defs.' Facts ¶ 5. Lee alleges Lighthouse violated the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. section 11-4-201, *et seq*. ("AMWA"), because it did not pay her overtime pay. Defendants assert the administrative exemption to the FLSA and counterclaim for breach of contract. All parties move to dismiss. Defendants also move, in the alternative, for summary judgment.

### II. LEGAL STANDARD

Dismissal of a lawsuit is permitted when the plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id*.

A motion to dismiss is construed as a motion for summary judgment if a party presents matters outside the pleadings. Fed. R. Civ. P. 12(d). Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *See Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *See Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III. DISCUSSION

Defendants' motion is construed as a motion for summary judgment because defendants have supplied sworn testimony of Lighthouse's employees, Lighthouse's records, and plaintiff's resume and other professional materials, in support of their motion. Mot. Dismiss Exs. 1–24, Doc. No. 7.

A.   Fair Labor Standards Act

Defendants' motion for summary judgment on Lee's FLSA claim is denied because there is a material factual dispute as to whether the administrative exemption applies. Employers are exempt from paying overtime pay to "executive, administrative, or

professional" employees. 29 U.S.C. § 231(a)(1). To receive this exemption, the employee must: (1) be paid at a rate equivalent to the fortieth percentile of salaried workers in the lowest-wage census region, (2) primarily perform office or non-manual management or general business operations work, and (3) exercise discretion and independent judgment on important matters. 29 U.S.C. § 541.200. Lee was employed as an applicant tracking system director, and the parties dispute: (1) what the primary duties of that position were, (2) the importance of those duties, and (3) the amount of autonomy given to that position. Pl.'s Resp. Opp. Mot. Dismiss ("Pl.'s Resp.") at 19–31, Doc. No. 16.; Defs.' Br. Supp. Mot. Dismiss ("Defs.' Br."), at 26–28, Doc. No. 8; *see Grage v. N. States Power Co.– Minn.*, 813 F.3d 1051, 1055 (8th Cir. 2015) (citing 29 C.F.R. § 541.700(a)) (listing the factors to consider when determining primary duties). The parties also dispute whether the director exercises discretion and independent judgment. Pl.'s Resp. at 31–39; Defs.' Br. at 28–33; *see Grage,* 813 F.3d at 1057 (citing 29 C.F.R. § 541.202(a)–(b)) (listing the factors to consider when determining whether an employee has discretion to exercise independent judgment).

      B.    <u>Arkansas Minimum Wage Act</u>

Summary judgment is denied on Lee's AMWA claim for the same reasons provided above. *See Aubrey v. Zamam, LLC*, No. 4:17-CV-00446-JLH, 2017 WL 5180427, at *2 (E.D. Ark. Nov. 8, 2017) (AMWA and FLSA have same overtime pay requirements).

    C.    <u>Breach of Contract</u>

Lee's motion to dismiss the breach of contract counterclaim is denied. To establish a breach of contract claim, defendants must allege that: (1) Lighthouse and Lee had a valid and enforceable contract, (2) Lee had an obligation to Lighthouse, (3) Lee violated that obligation, and (4) defendants were damaged as a result. *See J-McDaniel Constr. Co. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 918 (8th Cir. 2014). Defendants allege that: (1) Lighthouse and Lee entered into a severance agreement, (2) Lee was obligated under the agreement not to make disparaging remarks about defendants or solicit their clients to perform services for them, and to release and waive FLSA and AMWA claims against defendants, (3) Lee violated her obligations by making disparaging remarks about defendants, soliciting their clients, and bringing FLSA and AMWA claims against them, and (4) defendants were damaged by Lee's conduct. Countercl. ¶¶ 6–53. This is enough to establish a breach of contract claim.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. No. 7] is denied, and their request for a stay pending a ruling is denied as moot. Lee's motion to dismiss defendants' counterclaim [Doc. No. 13] is denied.

IT IS SO ORDERED this 31st day of July, 2020.

 

                                                */s/ Brian S. Miller*
                                            UNITED STATES DISTRICT JUDGE