## CONFIDENTIAL SEVERANCE AGREEMENT

This Separation and Release Agreement (Agreement) is made and entered into by and between Lighthouse Compliance Solutions, Inc., and its related entities, agents, officers, employees, insurers, attorneys, and associates (collectively referred to as "Lighthouse") and Debbie Lee, her dependents, heirs, executors, administrators, successors, and assigns ("Lee"). Lighthouse and Lee are collectively referred to as "the Parties."

1. Effective October 3, 2019, Lee's employment with Lighthouse is terminated and Lee is no longer an employee of Lighthouse. In consideration for her execution of this Agreement, Lighthouse agrees to pay Lee her salary for the Months of October and November 2019, the total gross amount of which $10,300.00, less all deductions and withholdings required by law. Lighthouse will deliver the payment of the $10,300.00, less all lawful deductions and withholdings, described in this Paragraph 1 to Lee in four (4) equal installments to occur on the regularly scheduled payroll dates of Lighthouse, which Lee acknowledges will occur on October 15, 2019, October 31, 2019, November 15, 2019, and November 30, 2019. In further consideration for her execution of this Agreement, Lighthouse agrees to waive, cancel, and forgive payment by Lee of amounts due and owing to Lighthouse in the amount of $8,150.97.

2. In exchange for the consideration set forth in Paragraph 1, Lee fully, finally, and forever releases and discharges Lighthouse from any and all claims, obligations and liabilities she has or may have had, as of the date of the execution of this Agreement, arising out of or related to her employment with or separation from Lighthouse, including, but not limited to, claims arising under the Fair Labor Standards Act, the Equal Pay Act, the Arkansas Minimum Wage Act, express or implied contract, wrongful discharge, conversion, outrage; and any other applicable Federal, State, or Local laws or regulations, common laws, tort, contract, or statutory claims, and/or claims for attorneys' fees and costs. Lee understands that the consideration she is receiving pursuant to this Agreement is in excess of anything to which she is otherwise entitled. Lee expressly waives any claim for future employment with Lighthouse. Lee also agrees she will not reapply for employment with Lighthouse or any related entities.

3. Lee acknowledges and agrees that Lighthouse has a protected interest in maintaining and securing its reputation. Lee specifically agrees that she shall not make any disparaging or inappropriate remarks concerning Lighthouse or related entities, its owners, officers, or any current and former employees under any circumstances, whether work-related or not. Any such remarks by Lee could have an adverse impact on the reputation of Lighthouse and would be considered a violation of this Agreement. Lighthouse acknowledges and agrees that Lee has a protected interest in maintaining and securing her reputation. Lighthouse, exclusive of any related entity or officer, employee, member, director, or associate thereof, agrees to make commercially reasonable efforts to cause its officers and employees to refrain from making any disparaging or inappropriate remarks concerning Lee. Any such remarks by Lighthouse could have an adverse impact on the reputation of Lee and would be considered a violation of this Agreement.

4. Lee acknowledges and agrees that during the course of her employment with Lighthouse she has had access to confidential and proprietary information of a special and unique value which may include, without limitation, computer software, computer programs, and the like, books and records relating to the operation, finance, accounting, security information, personnel, and management of Lighthouse and various trade or business opportunities, marketing or business plans, business development, and the like, including proprietary information and any and all information that could provide an advantage or benefit to a competitor of Lighthouse or harm Lighthouse if disclosed to a competitor or other individual ("Confidential Information"). Lee acknowledges and agrees that she has not and will not make any independent use of, or disclose to any person or organization, any Confidential Information. Lee agrees to return all Lighthouse property, keys, equipment, passwords, log-in information, documents, electronic devices, including, without limitation, any computer(s) in her possession, iPhone 10 and its corresponding telephone number,

_DL_ _LIGHTHOUSE_

**EXHIBIT 23**

and Confidential Information in her possession or which she has access to, whether in hard copy or electronically stored. Lee also acknowledges and agrees to meet with or otherwise communicate with Lighthouse upon request and reasonable notice to assure a smooth transition of any and all matters.

5. Lee acknowledges and agrees that she shall not, for a period of three (3) years from the execution of this Agreement, directly or indirectly, personally, or through any individual, firm or corporation, solicit, cause, induce, encourage or facilitate in any way (i) any individual who was an employee of Lighthouse on the date of this Agreement, to leave the employ of Lighthouse, or (ii) any vendor, supplier, independent contractor or broker who had a relationship with Lighthouse on the date of this Agreement, to terminate any independent contractor relationship or other contractual relationship with Lighthouse.

6. Lee acknowledges and agrees that she shall not, for a period of three (3) years form the execution of this Agreement, directly or indirectly, personally, or through any individual, firm or corporation, for her own benefit or on behalf of any other individual, firm, corporation, or any entity whatsoever, call on, solicit, perform services for, interfere with or endeavor to entice away from Lighthouse any client or customer to whom Lighthouse provides products and/or services at the time of Lee's termination or at any time in the 12-month period preceding the date of Lee's termination.

7. If Lighthouse believes that a violation of this Agreement, including, but not limited to, violations of any of the obligations set forth in Sections 3, 4, 5, 6, and 8, has occurred, Lighthouse may present this Agreement to any court of competent jurisdiction for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach. In light of the difficulty of ascertaining damages for violation of this Agreement, Lee acknowledges and agrees that, if she breaches or challenges the enforceability of this Agreement, she will, as liquidated damages, pay Lighthouse $18,450.97, as well as any other actual monetary damages established by Lighthouse, plus legal fees and costs incurred by Lighthouse.

8. The nature and terms of this Agreement and all aspects of Lee's employment with and separation of employment from Lighthouse are confidential and shall not be disclosed by Lee at any time or to any other person or party, unless required by law or in an action to enforce the terms of this Agreement, except for her attorney, or tax advisor/preparer, without the prior written consent of Lighthouse. The obligations in this provision are in addition to Lee's obligations not to use or disclose Confidential Information under Section 4 of this Agreement.

10. This Agreement shall not be construed as an admission by Lighthouse of any wrongdoing or any violation of federal, state, or local law, and Lighthouse specifically disclaims any wrongdoing or liability to Lee or any other person.

11. This Agreement is deemed by the parties to be made and entered into in the State of Arkansas and in all respects shall be interpreted, enforced, and governed by the laws of Arkansas. Any suit, action, or proceeding with respect to this Agreement must be brought in Pulaski County Circuit Court or in the United States District Court, Eastern District of Arkansas.

12. In the event any portion of this Agreement is deemed to be invalid or unenforceable, that portion shall be deemed to be omitted, and the remainder of this Agreement will remain in full force and effect.

13. Lee and Lighthouse mutually acknowledge that each has had an opportunity to have input into the drafting of this Agreement. Accordingly, in any interpretation of this Agreement, it shall not be construed for or against either Party, but shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the parties.


DL


LIGHTHOUSE

Page 2 of 3

14. Lee has not relied on any information provided or statements made by Lighthouse or any of its agents, representatives, or attorneys that are not contained in this Agreement. In return for executing this Agreement, Lee is receiving only the consideration described in this Agreement. This Agreement contains the entire agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

This Agreement becomes effective as to each party on the date that each party executes it.

_____Debbie Lee_____     _10/9/2019_
Debbie Lee                Date

Lighthouse Compliance Solutions, Inc.:

_____David Ainley_____    _10/9/19_
By:                       Date

DL    LIGHTHOUSE