IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEBBIE LEE**                                                                                              **PLAINTIFF**

v.                          **CASE NO. 4:20-CV-00197-BSM**

**LIGHTHOUSE COMPLIANCE**
**SOLUTIONS INC.,** *et al.*                                                                       **DEFENDANTS**

## ORDER

Defendants' motion for summary judgment [Doc. No. 32] is granted on their counterclaim against Debbie Lee for violating the parties' covenant not to compete, but is denied on all other claims.

### I. BACKGROUND

Lee is suing Lighthouse Compliance Solutions, Inc. and David Ankeny under the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. section 11-4-201, *et seq.* ("AMWA"), alleging that Lighthouse incorrectly classified her as exempt and failed to pay her overtime wages. Defendants are counterclaiming for breach of contract.

Lighthouse hired Lee in 2006 and terminated her thirteen years later for insubordination, frequent tardiness and absenteeism, poor work performance, and vaping in her office. Ankey Aff. at 7, Doc. No. 32-3. Lighthouse and Lee entered into a confidential severance agreement six days after Lee was terminated. The agreement required Lighthouse to pay Lee for two months afer she was terminated and to forgive the $8,150.97 that Lee owed Lighthouse, and it required Lee to release Lighthouse from all claims. *Id.* at ¶ 8;

Severance Agreement at ¶ 1, Doc. No. 32-23. Lee also agreed not to solicit Lighthouse's client's for three years. Severance Agreement at ¶ 6.

Lee is alleging a number of statutory violations while Lighthouse is alleging that Lee violated the noncompete provision of the severance agreement. Defendants move for summary judgment on all claims.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

### A. FLSA and AMWA Claims

Summary judgment is denied on the FLSA and AMWA claims because a material dispute of fact exists as to whether Lee was an exempt employee. *See Aubrey v. Zamam*, LLC, No. 4:17-CV-00446-JLH, 2017 WL 5180427, at *2 (E.D. Ark. Nov. 8, 2017) (AMWA

and FLSA have the same overtime pay requirements). Employers are exempt from paying overtime pay to "executive, administrative, or professional" employees who: (1) are paid at a rate equivalent to the fortieth percentile of salaried workers in the lowest-wage census region, (2) primarily perform office or non-manual management or general business operations work, and (3) exercise discretion and independent judgment on important matters. 29 U.S.C. § 231(a)(1); *See Grage v. N. States Power Co. Minn.*, 813 F.3d 1051 at 1055 (8th Cir. 2015). Defendants move for summary judgment claiming that Lee was an exempt employee. Summary judgment is denied, however, because the parties dispute Lee's primary duties, the importance of her position, the amount of autonomy she was given, and whether Lee was permitted to exercise discretion and independent judgment. Defendants also assert that Lee waived her claims against Lighthouse. This argument is addressed in the following section.

      B.    <u>Breach of Contract Counterclaim</u>

Summary judgment is denied on defendants' claim that Lee waived her FLSA and AMWA claims, and summary judgement is granted on defendants' claim that Lee violated the noncompete agreement.

        *1. Waiver of FLSA and AMWA Claims*

FLSA rights are statutory and generally cannot be waived. *Beauford v. ActionLink, LLC*, 781 F.3d 396, 405-06 (8th Cir. 2015) (*citing Copeland v. ABB, Inc.*, 521 F.3d at 1014; 29 U.S.C. § 216(c)). There are only two ways in which Lee can waive her FLSA claims

against Lighthouse. *Id.* First, before filing this lawsuit, she could have waived her rights only if: (a) she had agreed to accept full payment of what was owed by Lighthouse under the FLSA; (b) she received full payment; and (c) the settlement was supervised by the Secretary of Labor. *Id.* Second, after filing this lawsuit, she can waive her rights only if she and Lighthouse agree to a settlement and the district court enters a stipulated judgment. *Id.* Neither of these methods of waiving suit has taken place.

Lee admits that she breached the severance agreement by filing this lawsuit, but she argues that the clause waiving her FLSA and AMWA rights is unenforceable. Lee Dep. at 290, Doc. No. 32-4; Pl.'s Reply at 32–36, Doc No. 37. Defendants argue that the waiver is valid because the "agreement was reached through an arms' length transaction during which both parties were represented by counsel." Def.'s Reply at 35, Doc. No. 39. Defendants' motion for summary judgment is denied because the record indicates that the waiver is invalid. Nothing in the record specifically shows that the payments made to Lee or the debt forgiveness were compensation in satisfaction of unpaid wages. *See Beauford,* 781 F.3d at 405–06 (8th Cir. 2015). Without this evidence, the record does not support defendants' position that the severance agreement properly waived Lee's FLSA claims.

### 2. Noncompete agreement

Lighthouse's motion for summary judgment is granted on its breach of the noncompete agreement because the agreement is enforceable. To enforce a noncompete agreement, an employer must have a protectable business interest, and the covenant must be

limited with respect to time and scope in a manner that is not greater than necessary to defend the employer's protectable business interest. Ark. Code Ann. § 4-75-101(a)(1). Factors that must be considered in determining the reasonableness of a noncompete agreement include: (1) the nature of the employer's protectable business interest; (2) the geographic scope of the employer's business and whether or not a geographic limitation is feasible under the circumstances; (3) whether or not the restriction placed on the employee is limited to a specific group of customers or other individuals or entities associated with the employee's business; and (4) the nature of the employer's business. Ark. Code Ann. § 4-75-101(c)(2). A noncompete agreement does not have to include geographic limitations, as long as it is reasonable. *Girard v. Rebsamen Ins. Co.*, 14 Ark. App. 154, 159, 685 S.W.2d 526, 528 (1985).

The parties' noncompete agreement states that Lee will not solicit Lighthouse's clients for three years after the entry of the agreement. Severance Agreement at ¶ 6. Moreover, it limits Lighthouse's clients to those to whom Lighthouse provided products and/or services at the time of Lee's termination, or at any time in the twelve months preceding the date of Lee's termination. *Id.* It is undisputed that Lee breached the noncompete agreement; however, Lee asserts that the agreement is unenforceable. Pl.'s Reply at 36–40, Doc No. 37. Although Lee admits that Lighthouse has a protectable business interest, she argues that the three-year time ban is unreasonable and that the agreement "makes no attempt to narrow the non-compete to only positions or industries in which Lee's employment would create a

5

conflict with defendant's business interests." *Id.* at 39–40. She also argues that the noncompete's terms preventing her from seeking employment from any of Lighthouse's clients is unreasonably restrictive. *Id.* at 36–40.

A three year noncompete agreement is not facially unreasonable. *See Dawson v. Temps Plus, Inc.*, 337 Ark. 247, 255, 987 S.W.2d 722, 727 (1999) (a noncompete agreement lasting as long as twenty years may be reasonable). The enforceability of a noncompete agreement "depends upon its reasonableness in light of the particular facts of the case." *Girard v. Rebsamen Ins. Co.*, 14 Ark. App. 154, 157, 685 S.W.2d 526, 527 (1985). The parties' noncompete agreement is reasonable because Lee had access to confidential information regarding Lighthouse's business practices, and Lighthouse has an interest in protecting that information. Moreover, the agreement does not restrict Lee's ability to work in her trade generally. She is free to solicit business from everyone except those who were clients of Lighthouse during the last twelve months of her employment.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. No. 32] is granted on their counterclaim against Lee for violating the noncompete agreement and is denied on all other claims.

IT IS SO ORDERED this 11th day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE